# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**NERY ALEXANDER GARCIA-MONROY**                                          **PETITIONER**

**v.**                                          **CIVIL NO. 1:25-cv-105-HSO-LGI**

**MDOC and BURL CAIN**                                          **RESPONDENTS**

## ORDER OF DISMISSAL

This matter is before the Court, sua sponte, for consideration of dismissal. Pro se Petitioner Nery Alexander Garcia-Monroy ("Petitioner") brings this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. After reviewing Petitioner's Petition [1] and Attachment [4], along with relevant legal authority, the Court concludes that this case should be dismissed.

### I.   BACKGROUND

Petitioner, an inmate of the South Mississippi Correctional Institution in Leakesville, Mississippi, brings this habeas corpus petition seeking deportation to his home country of Honduras.  Pet. [1] at 1, 7, 10, 14–15.[1]  Petitioner is serving a 20-year sentence of imprisonment for a sexual battery conviction imposed by the Circuit Court of Harrison County, Mississippi, First Judicial District.  *Id*. at 1. Petitioner submits a copy of a prison time-sheet reflecting that his discharge date is April 6, 2041.  Attach. [1-1] at 1.

---

[1] All citations to Petitioner's filings refer to CM/ECF pagination.

Petitioner asks the Court to allow him to return to Honduras instead of serving the remainder of his state criminal sentence. He relies on a recent Executive Order issued by the President of the United States and the fact that his sexual battery conviction qualifies as an "aggravated felony" under federal immigration laws. Pet. [1] at 5, 7, 8, 10; Attach. [4]. Petitioner also maintains that he has no state remedy available to him because immigration laws and executive orders are federal in nature, and because the trial court has not answered his petition for deportation. Pet. [1] at 5, 9–10, 12.

A review of the docket for the Circuit Court of Harrison County, Mississippi, reveals that on September 12, 2022, Petitioner pleaded guilty to the charge of sexual battery with a child at least 14 but less than 16 years of age.[2] Petition to Enter Guilty Plea, *State of Mississippi v. Monroy*, 24CI1:22-cr-00041-1 (Harrison Cnty. Cir. Ct. Sept. 12, 2022), MEC No. 21. The trial court sentenced Petitioner to serve 20 years in the custody of the Mississippi Department of Corrections ("MDOC"). *See* Commitment Order at 1, *State of Mississippi v. Monroy*, 24CI1:22-cr-00041-1 (Harrison Cnty. Cir. Ct. Jan. 17, 2023), MEC No. 26. The Commitment Order notified MDOC that Petitioner was to serve the 20-year sentence "day for day" and that, upon his release, Petitioner should be remanded

---

[2] The Court takes judicial notice of the state court proceedings in Petitioner's criminal case as available on the Mississippi Electronic Case (MEC) system. *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (finding district court may take judicial notice of public state court records); *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (noting court "may take judicial notice of matters of public record"); *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995) (taking judicial notice of state court orders).

to the custody of United States Immigration and Customs Enforcement for "deportation proceedings." *Id.* The Commitment Order reflects that the trial court imposed a mandatory 20-year sentence while being fully aware of Petitioner's immigration status. The most recent entry on the trial court docket reflects that on August 31, 2023, Petitioner filed a "Motion Requesting Deportation." Mot. at 1, *State of Mississippi v. Monroy*, 24CI1:22-cr-00041-1 (Harrison Cnty. Cir. Ct. Aug. 31, 2023), MEC No. 27.

## II. DISCUSSION

"A federal court may entertain an application for a writ of habeas corpus from a person in state custody, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983) (internal quotation marks omitted). Habeas corpus "is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (citing *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976)).

Petitioner does not challenge the validity of his sexual battery conviction or the lawfulness of his 20-year sentence. Nor does he argue that his state conviction or sentence was obtained by unconstitutional means or in violation of federal law. Instead, Petitioner seeks an early release from incarceration because he is subject to deportation at the completion of his sentence. Petitioner is asking this Court to allow him to return to Honduras instead of serving the rest of his state criminal

sentence.

A prisoner does not possess a "constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *May v. Texas Bd. of Pardons & Paroles*, 370 F. App'x 550, 552 (5th Cir. 2010) ("No prisoner has a constitutional right to be released before the expiration of his sentence."). Petitioner simply has no constitutional right or federal right to early release from a lawful sentence of imprisonment based on his immigration status.

Likewise, there is nothing in the referenced Executive Order, *see* Attach. [4], that entitles Petitioner to receive an early release from incarceration, nor does it allow federal authorities to disregard the remainder of a state inmate's lawful term of imprisonment and immediately deport him. "A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983) (citation omitted). In other words, Petitioner has no right to deportation for violating federal immigration laws before serving his sentence for violating state criminal laws.

Habeas corpus is not available to terminate a lawful criminal sentence early just so an inmate may return home—wherever that home may be. Because the Petition fails to state a viable ground for federal habeas corpus relief, it should be dismissed.

III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, pro se Petitioner Nery Alexander Garcia-Monroy's Petition [1] for a Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**. A separate final judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 22nd day of August, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE